UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF LOUISIANA

| | | |
|---|---|---|
| REBECCA MOTICHEK | * | CIVIL ACTION |
| VERSUS | * | NO. 23-5371 |
| FIERY CRAB 925, INC., ET AL. | * | SECTION "E" DIV. (2) |

**ORDER AND REASONS**

Before me is Plaintiff's successor Kendall J. Wilson Jr.'s Motion to Substitute Party seeking to substitute Kendall Wilson Jr. in place of Plaintiff Rebecca Motichek after the filing of a Notice of and Suggestion of Death. ECF Nos. 7, 23. Defendant Jon Purvis timely filed an Opposition Memorandum. ECF No. 25. No party requested oral argument in accordance with Local Rule 78.1, and the court agrees that oral argument is unnecessary.

Having considered the record, the submissions and arguments of counsel, and the applicable law, Plaintiff's successor Kendall J. Wilson Jr.'s Motion to Substitute Party is GRANTED for the reasons stated herein.

**I.    BACKGROUND**

On September 19, 2023, Plaintiff Rebecca Motichek filed this employment discrimination suit alleging that she was subjected to sexual harassment and a hostile work environment, retaliated against and constructively discharged on May 20, 2022. *See* ECF No. 3 at 6-9. She also asserts state law tort claims for intentional and negligent infliction of emotional distress as well as negligent hiring, retention and supervision. *Id.* at 9-11. Plaintiff also alleges violations of Louisiana's Wage Payment Act. *Id.* at 11. Plaintiff's counsel notified all parties and counsel of record of Plaintiff's death by Notice and Suggestion of Death filed on November 6, 2023. ECF No. 7. In that notice, counsel indicated an intent to file a Motion to Substitute Party Plaintiff within

1

90 days, and the motion to amend and substitute would be filed upon receiving proper party information. *Id.*

On March 7, 2024, Plaintiff filed this Motion to Substitute Party. ECF No. 23. Plaintiff's counsel indicates that he learned of Plaintiff's death in November 2023 after he hired a private investigator to locate her because she had not responded to contact efforts. ECF No. 23 at 1. Thereafter, counsel conducted an investigation to identify a proper representative and determined that she died intestate, and her sole remaining descendant is Kendall Wilson Jr. *Id.*

Defendant Jon Purvis opposes the motion on the basis that it is untimely, having been filed more than 90 days after the Suggestion of Death, asserting that the court has no discretion to extend this 90-day period. ECF No. 25 at 1. He further objects on the basis that Plaintiff has failed to provide any evidence of death and relies solely on hearsay, fails to provide evidence that Kendall Wilson, Jr. is the proper party via birth certificate, or any evidence that plaintiff's other child predeceased her. *Id*. at 1-3. He also argues that the absence of evidence regarding a will or spouse precludes substitution. *Id*. at 3.

**II.** **LAW & ANALYSIS**

Rule 25(a) of the Federal Rules of Civil Procedure provides:

(a) **Death**.
  (1) **Substitution if the Claim is Not Extinguished.** If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.
  (2) **Continuation Among the Remaining Parties.** After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate but proceeds in favor of or against the remaining parties. The death should be noted on the record.
  (3) **Service.** A motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5, and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner. Service may be made in any judicial district.

Notwithstanding the apparent mandatory language used in Rule 25, pursuant to FED. R. CIV. P. 6(b), courts are vested with discretion to extend the specified time period upon a showing of good cause.[1]  Moreover, the Court may not grant a motion to substitute absent proper service.[2] Although Rule 25(a)(3) does not identify the "non-party" upon whom the statement noting the death must be served, most courts have construed Rule 25(a) as imposing a general obligation on the noticing party to serve notice upon a deceased party's successor or representative.[3]  In this case, Plaintiff's Notice of and Suggestion of Death makes no mention of service of same on the appropriate non-parties pursuant to FED. R. CIV. P. 4.  Absent personal service of the notice of death in accordance with Rule 4, the 90-day time period does not begin to run.[4]  For these reasons, Defendant's argument that the motion to substitute is untimely fails.

Rule 25 is procedural, and federal courts must apply federal rules, not state law, to determine proper procedure for substitution following a party's death.[5]  While state law may govern the substantive question of who qualifies as a proper party, Rule 25 intends liberal substitution to be permitted and does not require the plaintiff to invoke state machinery to produce a representative of the estate.[6]  The proper inquiry is whether the party to be substituted could

---

[1] *Smith v. Sackett*, No. 22-1306, 2022 WL 4127164, at *1 (E.D. La. Aug. 24, 2022) (citations omitted) (Africk, J.).
[2] *See Sampson v. ASC Indus.*, 780 F.3d 679, 682–83 (5th Cir. 2015) (Rule 25 notice of death must be served on a deceased party's estate in accordance with Rule 4 before the court can grant a motion to substitute); *see also Ransom v. Brennan*, 437 F.2d 513 (5th Cir. 1971) (Rule 4 service on a deceased-defendant's estate was required for the district court to grant a motion to substitute).
[3] *In re Thompson*, No. 12-03668, 2018 WL 5815982, at *8 (Bankr. S.D. Miss. Nov. 5, 2018) (citations omitted).
[4] *Sampson,* 780 F.3d at 681-82 (citations omitted); *see also In re: Taxotere (Docetaxel) Prods. Liab. Litig.*, MDL No. 16-2740, 2024 WL 758597 (E.D. La. Feb. 23, 2024) (recognizing the court's discretion to extend the 90-day period and that the 90-day period does not begin to run until proper service is made on the nonparty to alert the nonparty to the need to take action to preserve the claim if desired) (Milazzo, J.).
[5] *In re Willow Bend Ventures, LLC*,  No. 18-6910, 2020 WL 242783 (E.D. La. Jan. 16, 2020) (citations omitted*); see also Ransom*, 437 F.2d at 520 ("Since Rule 25 is a valid procedural rule, it therefore follows that the terms of Rule 25, and the federal court decisions interpreting its meaning, control the manner of effecting substitution in the federal courts.").
[6] *Willow Bend*, 2020 WL 242783 at *1 (citations omitted).

qualify under state law to be the plaintiff's successor or representative, not whether the party has been appointed or recognized by the state.[7]

Movant states that Plaintiff died intestate and seeks to substitute Plaintiff's sole remaining descendant. ECF No. 23 at 1. In the absence of a succession under administration, Plaintiff's descendant is the proper successor under Louisiana law.[8] Moreover, a party's capacity need not be specifically alleged except when required by statute. FED. R. CIV. P. 9(a). If defendant has a basis to question same, he may do so by specific denial as contemplated by FED. R. CIV. P. 9(b). Accordingly, movant's failure to provide a copy of Plaintiff's death certificate, his birth certificate, or the death certificate of his predeceased sibling does not justify denial of the motion to substitute.

Accordingly, for the foregoing reasons,

IT IS ORDERED that the Motion to Substitute Kendall J. Wilson Jr. in place of deceased Plaintiff Rebecca Motichek is GRANTED.

New Orleans, Louisiana, this  20th  day of March, 2024.

_____
DONNA PHILLIPS CURRAULT
UNITED STATES MAGISTRATE JUDGE

---

[7] *Id.* (citations omitted).
[8] *See* LA. CODE CIV. PROC. art. 801; LA. CIV. CODE art. 880; art. 2315.1.